UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENDLE D.,

           Plaintiff,

      v.                                       **DECISION AND ORDER**
                                                            20-CV-6948S

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

        1.        Plaintiff Kendle D.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled since March 22, 2015, due to a number of physical and mental impairments.  Plaintiff maintains that he is entitled to benefits because his impairments render him unable to work.

        2.        Plaintiff filed an application for supplemental security income on March 22, 2016.  After Plaintiff's application was denied at both the agency and ALJ levels, the Appeals Council granted review and remanded the case for a new administrative hearing.  Plaintiff thereafter proceeded to a new hearing before ALJ Connor O'Brien on September 6, 2019.  At the time of the hearing, Plaintiff was 29 years old and had no past relevant work.  The ALJ considered the case *de novo* and, on October 1, 2019, issued a written decision denying Plaintiff's application for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on September 28, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

3.	Plaintiff filed the current action on November 5, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on March 1, 2022. (Docket Nos. 9, 10, 12, 13.) The case was thereafter assigned here on April 4, 2022, at which time this Court took the motions under advisement without oral argument. (Docket No. 14.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.	A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 1383 (c)(3).

5.	A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See id.; Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision

---

[2] The ALJ's October 1, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere

3

scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.  See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

  8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805

F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.  The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 1383 (c)(1)(A); 20 C.F.R. § 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since March 22, 2016, the application date (R. at 13); (2) Plaintiff's learning disorder, generalized anxiety disorder, and depression constituted severe impairments within the meaning of the Act (R. at 13-16); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 16-19); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations[3] (R. at 19-29); and (5) Plaintiff had no past relevant work but could

---

[3] Plaintiff's RFC contains the following non-exertional limitations: "[Plaintiff] can perform simple, unskilled work; adjust to occasional changes in the work setting; and, make simple work-related decisions. He can occasionally interact with the public but cannot perform teamwork or tandem work. He can work to meet daily goals but not maintain an hourly, machine-driven, assembly line production rate. He requires up to three short, unscheduled, less than five-minute breaks in addition to regularly scheduled breaks." (R. at 19.)

perform jobs that exist in significant numbers in the national economy given his age, education, work experience, and RFC (R. at 29-30).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from March 22, 2016, through October 1, 2019.  (R. at 11, 30.)

13. Plaintiff lodges two challenges to the ALJ's decision.  First, he argues that the ALJ's finding that he had no severe physical impairments is not supported by substantial evidence.  Second, he argues that the ALJ erred by failing to consider his severe and non-severe impairments throughout the sequential analysis.  The Commissioner urges that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14. Plaintiff first contends that the ALJ's findings that his physical impairments are not severe at Step 2 are not supported by substantial evidence, and relatedly, that the ALJ erred by failing to include physical limitations in his RFC.  In particular, Plaintiff argues that medical opinion evidence from Dr. Harbinder Toor and Nurse Practitioner Kelly Farrow, both of whom at one time noted moderate limitations in his ability to walk, stand, push, pull, bend, and lift, supports his position.  (R. at 1455, 1548.)  Plaintiff does not, however, ascribe any error to the ALJ's consideration of this evidence, nor does he even identify which of his alleged physical impairments is severe.  He simply disagrees with the ALJ's findings, which is not a basis for remand.  Cf. Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record).

15. The question on review is whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the

plaintiff's position.  See Zacharopoulos, 516 F. Supp. 3d at 220.  In essence, Plaintiff seeks a reweighing of the evidence, which is not permitted.  See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence).  In any event, the record establishes that the ALJ fully considered Plaintiff's physical limitations.  The decision contains a thorough discussion of the severity of Plaintiff's physical conditions at Step 2, and the ALJ properly considered and explained her weighing of the opinions of Dr. Toor and NP Farrows, among the other evidence of record.  (R. at 13-16, 26, 28.)  Plaintiff does not identify any error in the ALJ's consideration of this evidence; he simply disagrees with the ALJ's decision.  Consequently, since such is not a basis for remand, Plaintiff's first argument is rejected.

16. Plaintiff's other argument is that the ALJ erred by failing to consider his severe and non-severe impairments throughout the sequential analysis.  Plaintiff does not, however, develop any argument in this regard.  Rather, he simply maintains that the ALJ failed to meet this obligation, without amplification.  The decision, however, reflects that the ALJ considered all symptoms arising out of Plaintiff's severe and non-severe limitations throughout the analysis. (R. at 16, 19-29.)  This argument is therefore rejected.

17. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27.  Plaintiff's motion is denied, and Defendant's motion is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  April 19, 2022
        Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
